UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Shawn Jaffer, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>Kelly M. Davis & Associates, LLC and<br>John Does 1-25,<br><br><br><br>Defendant. | Civil Action No: 4:19-cv-860<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shawn Jaffer (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, Shawn Jaffer Law Firm, PLLC against Defendant Kelly M. Davis & Associates, LLC (hereinafter "KMDA) individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge for violations 15 U.S.C. § *1692 et seq.,* of the Fair Debt Collection Practices Act ("FDCPA") and for violations of the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3.       The TDCA is Texas's version of the FDCPA which aims to protect consumers against unfair collection practices and is broader in scope than the FDCPA.

## JURISDICTION AND VENUE

4.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and under Tex. Fin. Code Ann. § 292 *et seq.* commonly referred to as the Texas Debt Collection Act ("TDCA").

6.      Plaintiff is seeking statutory and actual damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, residing in Collin County, Texas and the subject property at 11126 Abercrombie Trail, Frisco, Texas 75035 is Plaintiff's homestead.

8.      The creditor is Elevated Roofing, LLC ("Elevated").

9.      Plaintiff is alleged to pay a debt to Elevated or Defendant KDMA for an alleged obligation arising out of a transaction in which the money, property or insurance or services are primarily for personal, family, or household purposes for roof repair to Plaintiff's family home.

10.     Plaintiff is a natural person allegedly obligated to pay a debt to Elevated or Defendant KDMA.

11.     Plaintiff is an individual with an alleged obligation primarily for personal, family, or household purposes arising from a transaction with Elevated for roofing repair for his family home.

12.     Defendant KMDA is a "debt collector" as the phrase is defined in 15  U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 550 Edmonds Lane, Suite 201, Lewisville, TX 75067 and can be served process upon its registered agent Kelly M Davis at the same address.

13.     Upon information and belief, Defendant KMDA is a person that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

14.     Upon information and belief, Defendant KMDA is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     Upon information and belief, Defendant KMDA is a person meaning an

individual, partnership, corporation, association, or other group, however organized.

16.     Upon information and belief, Defendant KMDA, is a third-party debt collector meaning a debt collector as defined by 15 U.S.C. § 1692(a)(6).

**CLASS ALLEGATIONS**

17.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

18.     The Class consists of:

    a.     all individuals with addresses in the State of Texas;

    b.     to whom Defendant KMDA sent a letter attempting to collect a consumer debt;

    c.     that stated that

- "Unless payment arrangements are made with this office within **ten (10) days** from the date of this letter";

- "I will advise my client to file a lien on the subject property."; or

- "Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, this firm will assume that it is valid**.** If you do dispute it, by notifying this firm in writing to that effect, this firm will, as required by the law, obtain and mail to you proof of your original creditor";

    d.     which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing

of this action.

19.      The identities of all class members are readily ascertainable from the records of Defendant KDMA and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

20.      Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

21.      There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. § *1692 et seq.* and the Tex. Fin. Code Ann. § 292 *et seq.*

22.      The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff(s) nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

23.      This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.  **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § *1692 et seq.* and the Tex. Fin. Code Ann. § 292 *et seq.*

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

24.      Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25.      Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

26.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

27.      On July 15, 2019, Elevated's representative Kenny Gammons sent Plaintiff a text message saying they would do a roof repair work for $12,459.

28.      On July 16, 2019, Plaintiff and Elevated agreed to repair the roof, repaint the fence, fix a broken window and repair and repaint the garage door from hail damage for total price of $14,314.28 which did not include gutters and downspouts.

29.      Elevated required half upfront before the work was to commence on July 24, 2019.

30.      On the morning of July 24, 2019, Elevated without any explanation increased the

price for the work to $17,285.31 and demanded $8,642.66 and sent an invoice stating that the remained balance due at job completion was $8,642.65 and refused to honor its original agreement.

31.      On July 24, 2019 Plaintiff paid Elevated $8,642.66 because work was needed as the roof was leaking in the master bedroom.

32.      On September 9, 2019 at 9:13am Elevated's representative Kenny Gammons send the Plaintiff a text message saying "Morning Shawn… we were able to get the insurance cover your gutters & downspouts. So I will get them changed out later this week. I wanted to make you aware. Thanks"

33.      On September 9, 2019 at 9:15am Plaintiff replied back saying "Kenny we don't want gutter [o]r downspouts" and "Not part of our agreement".

34.      On September 9, 2019 at 9:16am, Kenny Gammons replied saying "Ok… No problem we will just have to report it back to the insurance. Just wanted you to be aware… We will prepare the final bill and send it over. Thanks".

35.      On September 23, 2019 Elevated's representative Doug Dobolek emailed Plaintiff an invoice for with a balance due of $18,504.96.

36.      Plaintiff contacted Elevated several times to remove the charges for gutters and downspouts which were never installed but Elevated refused to adjust their bill.

37.      Elevated is claiming that they are owed money for gutter and downspouts which were never installed because insurance disbursed funds to the Plaintiff.

38.      Plaintiff has offered to pay Elevated the correct amount owed $5,671.62 but Elevated has refused and now demands $19,192.67 and continues to increase its balance.

39.      On November 20, 2019 KDMA sent a collection letter ("Letter") to Plaintiff in the Eastern District of Texas.

40.     Defendant KDMA's Letter threatened Plaintiff with legal arbitration action and demanding interests and attorney's fees.

41.     Defendant KDMA's Letter demanded payment from Plaintiff of $19,192.67 within ten (10) days from the date of the letter.

42.     Defendant KDMA's Letter claimed the KDMA is a debt collector.

43.     Defendant KDMA does not have a surety bond for debt collection and has not filed a copy such surety bond with the Texas Secretary of State.

44.     Defendant KDMA Letter threatened the filing of lien on the subject property at 11126 Abercrombie Trail, Frisco, TX 75035 within 10 (ten) days of the date of the letter.

45.     Plaintiff's is married and his spouse did not sign any agreement or contract with Elevated or Defendant KDMA.

46.     The subject property is Plaintiff's homestead.

47.     Tex. Prop. Code Ann. § 53.254 requires the signature of both spouses when fixing a lien on a homestead. Tex. Prop. Code Ann. § 53.254(c) (2007). Denmon v. Atlas Leasing, L.L.C., 285 S.W.3d 591, 592 (Tex. App. 2009).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive,

or misleading representation or means in connection with the collection of any debt, including:

    a.  The false representation of the character, amount, or legal status any debt, § 1692e(2);

    b.  The representation or implication that nonpayment of any debt will result in the … the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action 1692e(4);

    c.  The threat to take any action that cannot legally be taken or that is not intended to be taken 1692e(5); and

    d. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, § 1692e(10).

51.    Defendant KDMA has violated § 1692e *et seq.* when KDMA:

    i.  falsely represented in its Letter that Plaintiff owed $19,192.67;

    ii.  falsely represented and threatened that KDMA or Elevated could legally file a lien on Plaintiff's homestead when they legally cannot;

    iii.  falsely threatened Plaintiff that with breach of contract, violation of the Prompt Payment Act, and violation of the Texas Trust Funds Act when Plaintiff has offered to pay the full amount due of $5,671.62; and

    iv.  used representation and deceptive means because KDMA has engaged in illegal debt collection because KDMA has is not bonded as a debt collector in Texas and has not posted a bond with the Secretary of State.

52.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, and Plaintiff is entitled to an award of

statutory and actual damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

53.     Plaintiff repeats, reiterates, and incorporates the allegations contained in

paragraphs above herein with the same force and effect as if the same were set forth at length

herein.

54.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt.

     a.  The collection of any amount (including any interest, fee, charge, or expense

       incidental to the principal obligation) unless such amount is expressly

       authorized by the agreement creating the debt or permitted by law, 1692f(1).

55. Defendant KDMA has violated § 1692f when KDMA:

     i.  falsely attempted to collect an unauthorized amount of $19,192.67;

     ii.  used an unfair or unconscionable means to collect a debt when KDMA

       falsely threatened that it or Elevated could file a lien on Plaintiff's

       homestead when they legally cannot;

     iii.  falsely threatened Plaintiff that with breach of contract, violation of the

       Prompt Payment Act, and violation of the Texas Trust Funds Act when

       Plaintiff has offered to pay full amount due of $5,671.62; and

     iv.  used representation and deceptive means because KDMA has engaged

       in illegal debt collection because KDMA has is not bonded as a debt

       collector in Texas and has not posted a bond with the Secretary of State.

56.     By reason thereof, Defendant is liable to Plaintiff for judgment that

Defendant's conduct violated Section 1692f *et seq.* of the FDCPA and Plaintiff is entitled to an award of actual and statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

57.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58.     15 U.S.C. § 1692g(a) reads: Notice of debt, contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original

creditor, if different from the current creditor.

59.     15 U.S.C. § 1692g(b) in relevant part reads: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

60.     Defendant KDMA did not identify the true legal name of the creditor but simply claims the creditor is Elevated Roofing.

61.     Defendant KDMA violated 1692g(a) and 1692(b) when KDMA used confusing and inconsistent language on its Letter "Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, this firm will assume that it is valid. **If you do dispute it, by notifying this firm in writing to that effect**, this firm will, as required by the law, obtain and mail to you proof of your original creditor,…"

62.     This statement makes an unsophisticated or least sophisticated consumer believe that a dispute is required in writing.

63.     Defendant KDMA violated 1692g(b) when it demanded payment within ten (10) days from the Plaintiff because this overshadowed and was inconsistent with the disclosure of the Plaintiff's consumer right to dispute the debt or request the name and address of the original creditor.

64.     Defendant KDMA violated 1692g(b) when it threatened to file a lien on Plaintiff's homestead if payment is not made within 10 days. This overshadowed and was inconsistent with the disclosure of the Plaintiff's consumer right to dispute the debt or request the name and address of the original creditor.

65.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA and Plaintiff is entitled to an award of actual and statutory damages, costs and attorneys' fees.

<u>**COUNT IV**</u>
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**Tex. Fin. Code Ann. § 292 et seq.**

66.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

67.     Sec. 392.304(a) of the TDCA reads: "In debt collection, a debt collector may not use fraudulent, deceptive, or misleading representation that employs the following practice:

(1) Misrepresenting the character, extent, or amount of a consumer debt, or misreporting the consumer debt's status in a judicial or governmental proceeding; and

(2) Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer, Sec. 392.304(a)(19)

68.     Sec 392.101 of the TDCA prohibits a third-party debt collector from engaging in debt collection unless the third-party debt collector has obtained a $10,000 surety bond issued by a surety company authorized to do business in the state for the benefit of any person who is damaged by a violation of this chapter.

69.     Defendant KDMA violated the TDCA through its deceptive means when KDMA engaged in illegal debt collection activities against the Plaintiff without obtaining and posting a bond with the Secretary of State.

70.     Defendant KDMA violated the TDCA when it mailed the Collection Letter to the Plaintiff which contained false representations and misrepresented the amount of the debt.

## DEMAND FOR TRIAL BY JURY

71.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shawn Jaffer, individually and on behalf of all others similarly situated, demands judgment from Defendant KMDA as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Shawn Jaffer, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 21, 2019                     Respectfully Submitted,

**Shawn Jaffer Law Firm PLLC**

/s/ Shawn Jaffer                     .
Shawn Jaffer, Esq.
TX Bar No: 24107817
11625 Custer Rd, Suite 110-376
Frisco, TX 75035
Ph:  214-210-0730
shawn@jaffer.law
***Attorney for Plaintiff Shawn Jaffer***

## **EXHIBIT A**

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE ABOVE-REFERENCED DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE. FEDERAL LAW GIVES YOU THIRTY DAYS AFTER YOU RECEIVE THIS LETTER TO DISPUTE THE VALIDITY OF THE DEBT OR ANY PART OF IT. IF YOU DO NOT DISPUTE IT WITHIN THAT PERIOD, THIS FIRM WILL ASSUME THAT IT IS VALID. IF YOU DO DISPUTE IT, BY NOTIFYING THIS FIRM IN WRITING TO THAT EFFECT, THIS FIRM WILL, AS REQUIRED BY THE LAW, OBTAIN AND MAIL TO YOU PROOF OF THE DEBT. AND IF, WITHIN THE SAME PERIOD, YOU REQUEST IN WRITING THE NAME AND ADDRESS OF YOUR ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT CREDITOR, THIS FIRM WILL FURNISH YOU WITH THAT INFORMATION TOO.

**Demand is hereby made for the payment of $19,192.67**, which is inclusive of the attorneys' fees and interest amounts referenced above. Unless payment arrangements are made with this office within **ten (10) days** from the date of this letter, I will advise my client to file a lien on the subject property. If necessary, Elevated Roofing will also proceed with arbitration against you for breach of contract, violation of the Prompt Payment Act, and violation of the Texas Trust Fund Act, to recover all damages including attorneys' fees, costs of arbitration and interest.