IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHAWN JAFFER,<br><br>   Plaintiff,<br><br>v.<br><br>KELLY M. DAVIS & ASSOCIATES, LLC,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No.: 4:19-cv-00860-RWS-KPJ<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Shawn Jaffer's ("Plaintiff") Opposed Verified Motion and Brief to Vacate Mechanics Lien on Homestead and Supporting Memorandum of Law (the "Motion") (Dkt. 14), to which Defendant Kelly M. Davis & Associates, LLC ("Defendant") filed a response (Dkt. 15), Plaintiff filed a reply (Dkt. 18), and Defendant filed a sur-reply (Dkt. 24). For the reasons explained below, the Court finds that Plaintiff's Motion (Dkt. 14) is **DENIED**.

### I.   BACKGROUND

On November 21, 2019, Plaintiff filed a class action lawsuit against Defendant, alleging class claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Texas Debt Collection Act, TEX. FIN. CODE ANN. § 392 *et seq*. ("TDCA"). In his Complaint, Plaintiff alleges Defendant improperly attempted to collect a debt arising from a contract between Plaintiff and Elevated Roofing, LLC ("Elevated") for repairs on Plaintiff's roof. *See* Dkt. 1 at 7. Plaintiff did not originally add Elevated as a defendant in this suit.

On February 4, 2020, Plaintiff filed the Motion, alleging Defendant and Elevated filed an invalid mechanic's lien on Plaintiff's homestead. *See* Dkt. 14 at 7. On February 18, 2020, Defendant filed a response to the Motion and attached the mechanic's lien (the "Lien"), demonstrating that Elevated holds the Lien on Plaintiff's property, not Defendant. *See* Dkt. 15-4.

On February 24, 2020, Plaintiff filed a Motion for Leave to File Amended Complaint (the "Motion for Leave") (Dkt. 21), wherein Plaintiff seeks to amend his complaint to assert claims against Elevated. *See* Dkt. 22. The Court has not yet ruled on Plaintiff's Motion for Leave.

## II.     ANALYSIS

In the Motion, Plaintiff argues the Court should order Defendant and Elevated to vacate and release the Lien because it is invalid and unenforceable. *See* Dkt. 14 at 7–8. In response, Defendant argues the Court should deny the Motion because it was brought against an improper party, as Elevated is the holder of the Lien and is not a party to this suit. *See* Dkt. 15 at 3. In his reply, Plaintiff states that he has added Elevated as a defendant in this suit in his Amended Complaint, and thus, Plaintiff contends Defendant's argument is moot. *See* Dkt. 18 at 3. In the alternative, Plaintiff argues he brought the Motion against the proper party because Defendant is an agent of Elevated. *See id*.

As stated above, Elevated is not currently a defendant in this suit, and was not a defendant when Plaintiff filed the Motion. It is clear from the language of the Lien that Elevated is the sole holder of the Lien, not Defendant. *See* Dkt. 15-4. As Defendant is not the holder of the Lien, the Court cannot order Defendant to vacate the Lien. Thus, Plaintiff's Motion must be denied.

## III.     CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion (Dkt. 14) is **DENIED** without prejudice to refiling against Elevated if it is added as a defendant to this suit.

**So ORDERED and SIGNED this 27th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE