### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **SHAWN JAFFER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:19-cv-00860-RWS-KPJ** |
| | § | |
| **KELLY M. DAVIS & ASSOCIATES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

The following motions are pending before the Court:

1. Plaintiff Shawn Jaffer's ("Plaintiff") Motion for Leave to File Amended Complaint (the "Motion for Leave") (Dkt. 21), to which Defendant Kelly M. Davis & Associates, LLC ("Defendant") filed a response (Dkt. 25); and

2. Defendant's Motion to Stay and/or Motion to Reconsider Order Governing Proceedings (the "Motion to Stay") (Dkt. 27), to which Plaintiff filed a response (Dkt. 30), and Defendant filed a reply (Dkt. 32).

On May 12, 2020, the Court held a hearing to address the Motion to Stay (the "Hearing"). *See* Minute Entry on May 12, 2020. Upon consideration, the Court finds that Plaintiff's Motion for Leave (Dkt. 21) is **GRANTED** and Defendant's Motion to Stay is **GRANTED IN PART** and **DENIED IN PART**.

In Plaintiff's Motion for Leave, Plaintiff requests to amend his Complaint in order to add individual claims against Elevated Roofing, LLC ("Elevated"). *See* Dkt. 21 at 1. A Scheduling Order has not yet been entered in this case.

As the Fifth Circuit has stated, "Federal Rule of Civil Procedure 15(a)(2) states that the district 'court should freely give leave [to amend] when justice so requires.' '[T]he language of this rule "evinces a bias in favor of granting leave to amend,"' and '[a] district court must possess a "substantial reason" to deny a request.'" *SGK Properties, L.L.C. v. U.S. Bank Nat'l Assoc. for*

*Lehman Brothers Small Balance Comm. Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

This is Plaintiff's first request to amend his Complaint and it appears the only difference between Plaintiff's Complaint (Dkt. 1) and Plaintiff's Amended Complaint (Dkt. 22) is the assertion of claims against Elevated for violations of the Texas Deceptive Trade Practices Act. Further, in reviewing Defendant's pending Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss") (Dkt. 5) prior to considering the Motion for Leave, Plaintiff's Complaint fails to properly plead all of the elements of Plaintiff's claims under the Texas Debt Collection Act. In response to the Motion to Dismiss, Plaintiff requested leave to amend the Complaint in the event the Court found the Motion to Dismiss to be meritorious, in whole or in part. *See* Dkt. Dkt. 9. As Plaintiff filed his Amended Complaint prior to the Court's review of the Motion to Dismiss, the Court finds that Plaintiff should be allowed to file a second amended complaint in attempt to correct the deficiencies identified in Defendant's Motion to Dismiss. Accordingly, Plaintiff's Motion for Leave is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a Second Amended Complaint **by August 10, 2020.** If no such Second Amended Complaint is timely filed, Plaintiff's Amended Complaint (Dkt. 21) will be considered the live pleading in this matter.

In Defendant's Motion to Stay, Defendant requests the Court stay discovery in this matter pending the Court's determination of whether Defendant is entitled to attorney immunity. *See* Dkt. 27. At the Hearing, Defendant argued that it is a small law firm, and allowing discovery prior to the Court deciding this threshold issue would be extremely prejudicial to Defendant.

Until a "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Texas attorney immunity doctrine is "intended to ensure loyal, faithful, and aggressive representation by attorneys employed as advocates by

avoiding the inevitable conflict that would arise if they were forced constantly to balance their own potential exposure against their client's best interest." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 765 (5th Cir. 2019) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481, 483 (Tex. 2015)). In determining whether a law firm is a "debt collector" under the Fair Debt Collections Practices Act and the Texas Debt Collection Act, and thus, not protected by attorney immunity, the Fifth Circuit has identified a list of factors for courts to consider, including:

> the number of lawsuits filed and collection letters mailed, the percentage of time debt collection activities consume, the share of total lawsuits filed that were dedicated to debt collection, the number of creditor clients and the length of the firm's relationship with them, the frequency and nature of the non-collection work in which the firm engages, and the number of firm attorneys and other employees dedicated to debt collection activities.

*Reyes v. Steeg Law, L.L.C.*, 760 F.App'x 285, 287 (5th Cir. 2019). Attorney immunity is intended to protect attorneys from the costs of unnecessary litigation; however, limited discovery may be necessary in order to determine whether attorney immunity applies. *See Swank v. Citimortgage, Inc.,* Case No. A-13-CV-711 LY, 2014 WL 12464925, at *4 (W.D. Tex. Jan. 27, 2014) ("[At least three federal courts have concluded attorneys can be held liable under the TDCA if the evidence shows that they satisfy the definition of 'debt collectors.'"); *Garcia v. Jenkins/Babb LLP*, Case No. 3:11-CV-3171-N-BH, 2013 WL 3789830, at *6 (N.D. Tex. July 22, 2013) (denying the defendant law firm's motion to dismiss based on attorney immunity wherein the plaintiff alleged the defendant law firm sent plaintiff a letter stating the law firm was a debt collector in attempt to collect a debt and instructing the plaintiff to remit payment for the debt owed to the law firm). The Court finds discovery is necessary as to Defendant's attorney immunity defense.

While the Court recognizes that Plaintiff is adding Elevated as a defendant to this suit, the Court will not have jurisdiction over Plaintiff's claims against Elevated if Defendant is

dismissed from this suit. As such, Defendant's Motion to Stay is **GRANTED IN PART** and

**DENIED IN PART**, as set forth below.

   **IT IS THEREFORE ORDERED** that discovery in this matter shall be limited only to

whether Defendant is entitled to attorney immunity until the Court decides this threshold issue.

   **So ORDERED and SIGNED this 27th day of July, 2020.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE